

# THE ATTORNEY GENERAL
# OF TEXAS

PRICE DANIEL
ATTORNEY GENERAL

AUSTIN, TEXAS

June 21, 1949

Hon. Charles R. Jones
Senate Committee on Counties
and County Boundaries
51st Legislature
Austin, Texas

Opinion No. V-846.

Re: Constitutionality of H. B.
912 authorizing the Coun-
ty Judge of counties of
500,000 or more population
to appoint a master in
chancery to perform pro-
bate duties.

Dear Senator:

You request an opinion as to the constitution-
ality of House Bill No. 912 which, omitting the title,
the enacting, the emergency, and the severability claus-
es, is as follows:

"Section 1. This Act shall apply only
in counties having a population of five hun-
dred thousand (500,000) or more, according
to the last preceding Federal Census.

"Sec. 2. The County Judge in such coun-
ties shall have authority to appoint a master
in chancery to perform any and all of the du-
ties required of the judge of the County
Court sitting in probate matters. The order
of appointment may authorize such special mas-
ter to do or perform particular acts, or it
may in general terms authorize and require the
special master to do or perform certain gener-
al types of acts in causes and proceedings
then pending in said County Court. The master
shall keep a memorandum showing each act per-
formed by him, stating the general nature, and
at least once each month, shall file a com-
plete statement and report with the County

Judge listing the date of the act and its general nature. All actions, decisions and determinations by such special master shall be subject to examination and approval by the County Judge. He may approve them separately, or by a general order made once each month. When any order or action is made by the special master, it may be appealed from to the same extent and in the same manner as if it had been made by the County Judge. At any time within thirty (30) days after the making of any order or the taking of any action by such special master, or if such order or action is appealed from, then at any time before an appeal bond or application for certiorari is filed, the County Judge may on his own motion, or on motion of any interested party, set aside any action of the special master.

"Sec. 3. (Provides for compensation and is not relevant here; it is therefore omitted in the interest of brevity.)

"Sec. 4. When the County Judge is absent, or is unable to act in any probate matter pending in the County Court, then the judge of any County Court at Law (without regard to the exact name of such County Court at Law) may sit as judge of the County Court, and may hear any cause, or any part of any cause, or proceeding pending on the probate docket, or make any order, or sit in any cause in which the County Judge would have power to act. When sitting in any probate matter as County Judge, any judge of any County Court at Law shall be invested with the same power, authority and jurisdiction as the County Judge sitting as the judge of the probate court. When any order is made or entered in the County Court by the judge of any County Court at Law, it shall be presumed that the County Judge was absent or unable to act in the matter in which such order was so made. In addition to any other remedies provided by law, any person who may consider himself aggrieved by any such order made by a judge of the County Court at Law sitting as judge of the County Court, may within ten (10) days after the date of such

order or proceeding, apply to the County Judge to have such order set aside, modified, vacated or annulled as the circumstances may require; or, an appeal may be prosecuted, or writ of certiorari applied for, in the same manner and under the same regulations as is now provided by law in case of orders and decisions of judges of the County Court in probate matters."

Section 2 of the Act provides that the County Judge shall have authority to appoint a master in chancery to perform any and all of the duties required of the Judge of the County Court sitting in probate matters and provides that all actions, decisions and determinations by such special master shall be subject to examination and approval by the County Judge. Special provision is made for an appeal from an order of a special master in the same manner as if it had been made by the County Judge.

Section 4 declares that when the County Judge is absent or unable to act, the Judge of any County Court at Law may hear any cause or proceeding pending on the probate docket, or make any order which the County Judge would have power to make, granting unto said Judge of any County Court at Law the same power, authority and jurisdiction as the County Judge sitting as the Judge of a probate court. Because of the holding herein, it is not necessary to pass upon the question as to whether this would constitute the holding of two offices of emolument by the same person in violation of Section 40 of Article XVI of the Texas Constitution.

Section 16 of Article V of the Constitution of Texas is in part as follows:

"The County Court shall have the general jurisdiction of a probate court; they shall probate wills, appoint guardians of minors, idiots, lunatics, persons non compos mentis and common drunkards, grant letters testamentary and of administration, settle accounts of executors, transact all business appertaining to deceased persons, minors, idiots, lunatics, persons non compos mentis and common drunkards, including the settlement, partition

and distribution of estates of deceased persons and to apprentice minors, as provided by law; . . ."

Section 22, Article V of the Texas Constitution is as follows:

"The Legislature shall have power, by local or general law, to increase, diminish or change the civil and criminal jurisdiction of county courts; and in cases of any such change of jurisdiction, the Legislature shall also conform the jurisdiction of the other courts to such change." (Italics added throughout this opinion.)

In State v. Gillette's Estate, 10 S.W.2d 984 (Comm. App. 1928) the court pointed out that the jurisdiction of the County Court was three-fold: civil, criminal, and probate. Under Section 22 above, the Legislature may change the civil and criminal jurisdiction. But it may not change the probate jurisdiction because of the positive language of Section 16 above and because Section 22 says the Legislature may (only) change the "civil and criminal jurisdiction." In this regard Judge Critz said:

" . . . There is no escape from the conclusion that it was the intent and express purpose of section 16 of article 5 of the Constitution to confer exclusive original probate jurisdiction on the county courts. Any other construction of the several provisions of article 5 would render section 22 of said article absolutely meaningless and void. Section 22 of article 5 expressly provides that the Legislature has power to increase, diminish, or change the civil and criminal jurisdiction of county courts and conform the jurisdiction of the district and other inferior courts to such change. If the Legislature has the power or authority under section 1 of article 5, which is a general provision, to increase, diminish, or change the probate jurisdiction of the county court or conform the jurisdiction of the district or other inferior courts to such change, then section 22 would be a meaningless and idle provision.

"We therefore conclude that section 22 of article 5 of the Constitution of this state, in so far as the probate jurisdiction of the county court is concerned, speaks exclusively as to the right of the Legislature to increase, change, or diminish the jurisdiction of such courts as prescribed and defined under section 16 of the same article, and that said section 22 speaks exclusively as to the right or power of the Legislature to conform the jurisdiction of the district or other inferior courts to such change. Section 22 limits the power of the Legislature in this respect to the civil and criminal jurisdiction of the county courts. It therefore follows that any effort on the part of the Legislature to increase, diminish, or change the probate jurisdiction of the county court of Eastland county, or to confer such probate jurisdiction on any other court, would be void, as contrary to the fundamental law of the land."

Section 2 of said bill provides that "The County Judge in such counties shall have authority to appoint a master in chancery to perform any and all of the duties required of the judge of the County Court sitting in probate matters." It authorizes a delegation of the exclusive jurisdiction of the County Judge in violation of Section 16 of Article V of the Constitution of Texas.

Even though the County Judge might not appoint a master in chancery to perform all of those acts provided for in Section 2, the mere fact that he is given such power renders the bill invalid in that regard. The possibility of approval of the master's action by the County Judge does not affect this conclusion.

Furthermore, it is provided that "When any order or action is made by the special master, it may be appealed from to the same extent and in the same manner as if it had been made by the County Judge." This indicates an assumption of jurisdiction by the master and a delegation by the county judge of duties imposed on him by the Constitution. The Legislature might authorize the County Judge to appoint a master in chancery to assist him in finding facts; but the bill in question does not limit the duties of the master to that of a fact

finder. On the contrary, it authorizes final action by him on such probate matters as shall have been delegated to him by the County Judge and thus the performance of a duty which is the exclusive prerogative of the County Judge.

It is therefore our opinion that in the respects mentioned House Bill No. 912 is unconstitutional being in violation of Section 16 of Article V of the Constitution of Texas granting exclusive probate jurisdiction to the County Court.

## SUMMARY

House Bill No. 912, 51st Legislature, which proposes to authorize the County Court to appoint a master in chancery to perform the probate duties exclusively required of the Judge of the County Court is unconstitutional and void, being in violation of Section 16, Article V of the Constitution of Texas. State v. Gillette's Estate, 10 S.W. 2d 984 (Comm. App. 1928)

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By Burnell Waldrep
Assistant

BW:bh

APPROVED

Price Daniel
ATTORNEY GENERAL